IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY, | }<br>}<br>} |
| Plaintiff, | }<br>} |
| VS. | } CIVIL ACTION NO. H-07-4355<br>} |
| 4H VENTURES, INC., f/k/a B & D CONSTRUCTION COMPANY, INC., PETER FORREST REEVES, TRESCA MICHELE REEVES, W.D. HUBBERT, BARBARA JEAN HUBBERT, individually and as trustee for HUBBERT FAMILY TRUST, and HUBBERT FAMILY TRUST, | }<br>}<br>}<br>}<br>}<br>}<br>}<br>} |
| Defendants. | } |

**OPINION & ORDER**

This is a case involving several indemnity agreements made in conjunction with the issuance of certain surety bonds. Pending before the court are two motion to dismiss for lack of subject matter jurisdiction filed by defendants 4H Ventures, Inc., f/k/a B&D Construction Co., Inc., W.D. Hubbert, and Barbara Jean Hubbert, individually, (collectively, "Hubbert Defendants'") (Doc. 11) and by defendants Barbara Jean Hubbert, as the trustee of the Hubbert Family Trust, and the Hubbert Family Trust (collectively, "Trust Defendants") (Doc. 19). Plaintiff Hartford Fire Insurance Company ("Hartford") has filed a response in opposition to each motion (Docs. 17 and 24). For the reasons that follow, the court DENIES these motions to dismiss for lack of subject matter jurisdiction.

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005). "Lack of subject matter jurisdiction may be found in any

one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  A district court may weigh the evidence and resolve factual disputes to ensure that it is has the power to hear the case. *Krim*, 402 F.3d at 494.  The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Id.*

The court's jurisdiction in this case is premised on diversity jurisdiction. Diversity subject matter jurisdiction exists only if there is complete diversity among the parties and the amount in controversy exceeds $ 75,000.  *See* 28 U.S.C. § 1332.  It is undisputed that Hartford is completely diverse from the Hubbert and Trust Defendants[1] and the amount in controversy exceeds $75,000.  The Hubbert and Trust Defendants argue, however, that certain "Hartford entities" may have furnished, procured, assumed, or continued the bonds that form the basis of this lawsuit, and these entities may not be completely diverse.  Therefore, according to these defendants, the court should either dismiss the case for lack of subject matter jurisdiction or permit pre-answer discovery to determine (1) the identity of these Hartford entities, (2) the relationship between Plaintiff and the Hartford entities, and (3) the relationship between the Hartford entities and those which may be formed and organized within the State of Texas.  The citizenship of these other "Hartford entities" is irrelevant.  The undisputed evidence shows that the bonds which are the subject of this indemnity action were all issued by Hartford Fire Insurance Company.  (*See* Levesque Decl. at ¶ 5, Doc. 17 Ex. 1).  Moreover, none are these other entities are seeking damages from the Hubbert and Trust Defendants.  The fact that Hartford may have in-state affiliates is not dispositive of the jurisdictional issues before the court. *See Lincoln*

---

[1]     Hartford is a Connecticut corporation with its principal place of business in Connecticut.  4H Ventures, f/k/a B&D Construction Company, Inc., is a Texas corporation with its principal place of business in Harris County, Texas.  W.D. Hubbert and Barbara Jean Hubbert are citizens of Texas.

*Prop. Co. v. Roche*, 546 U.S. 81, 94 (2005) (a corporation, for diversity-of-citizenship purposes, does not acquire the citizenship of all or any of its affiliates).  Hartford, the only plaintiff, is a citizen of the State of Connecticut.  The Defendants are all citizens of Texas.  Accordingly, this action is between citizens of different states and the requirements for diversity jurisdiction have been satisfied.  For these reasons, it is hereby

ORDERED that the Hubbert and Trust Defendants' motions to dismiss for lack of subject matter jurisdiction (Docs. 11 and 19) are DENIED.

SIGNED at Houston, Texas, this 12th day of June, 2008.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE