IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HARTFORD FIRE INSURANCE COMPANY and HARTFORD CASUALTY INSURANCE COMPANY, | } } } } | |
| Plaintiffs, | } } | |
| VS. | } } | CIVIL ACTION NO. H-07-4355 |
| 4H VENTURES, INC., f/k/a B&D CONSTRUCTION COMPANY, INC., PETER FORREST REEVES, TRESCA MICHELE REEVES, W.D. HUBBERT, BARBARA JEAN HUBBERT, individually and as Trustee of the HUBBERT FAMILY TRUST, and HUBBERT FAMILY TRUST, | } } } } } } } } | |
| Defendants. | } | |

## PRELIMINARY INJUNCTION

Pursuant to the Opinion & Order granting Plaintiff Hartford Fire Insurance Company's ("Hartford") Motion to Compel Defendants W.D. Hubbert, Barbara Jean Hubbert, 4H Ventures, Inc., and Hubbert Family Trust (collectively, the "Hubbert Defendants") to Immediately Deposit Collateral and/or for Injunctive Relief, it is hereby

ORDERED, ADJUDGED, AND DECREED that the Hubbert Defendants, individually and/or collectively, shall deposit collateral in the total sum of $6,056,962.00 with Hartford within ten (10) days of the date hereof.  In the event the Hubbert Defendants and Hartford are unable to agree on the form or substance of collateral to be deposited within such ten (10) day period, the Hubbert Defendants shall, within seven (7) days thereafter, submit a statement in writing to this Court  setting forth a detailed description of the form of collateral it proposes to deposit with Hartford.  Hartford shall file any objections to the form or substance of

1

the proposed collateral within seven (7) days after the filing of the Hubbert Defendants' statement, with a request that the Court determine the sufficiency of same. The relief ordered herein includes, but is not necessarily limited to, the execution of deeds of trust by the Hubbert Defendants, on their own behalf or on behalf of entities that they have control over, including the Hubbert 2006 Family Partnership, Ltd., as well as UCC-1's to perfect an interest in personal property. In the event that the Hubbert Defendants contend that they do not have assets sufficient to satisfy the collateral ordered to be deposited herein (whether claimed to be exempt or non-exempt), the Hubbert Defendants shall submit a further sworn statement setting forth a detailed description of all assets of any kind that the Hubbert Defendants own or have an interest in, or which the Hubbert Defendants had an interest in at any time since January 1, 2004. In the event that the Hubbert Defendants no longer have an interest in any such asset, the Hubbert Defendants are ORDERED to include in such sworn statement a description of the disposition made of such asset, including dates of such disposition, consideration received for such disposition, and the transferee and physical location of such asset, if applicable. If any of the Hubbert Defendants have an interest in any partnership, then a detailed listing of all assets applies equally to such partnership, to the extent that such partnerships are family partnerships or the Hubbert Defendants otherwise have access to this information. It is further

ORDERED, ADJUDGED, AND DECREED that the Hubbert Defendants are hereby immediately restrained and enjoined from removing, spending, transferring, converting, conveying, hiding, withdrawing, encumbering or otherwise diminishing the value of any property or disposing of any property they own or have an interest in, or hereafter acquire, pending final judgment herein and satisfaction of said judgment. Such property includes, but is specifically not limited to, all property described in Exhibits 3 through 14 of Hartford's Motion

to Compel, as well as the Canyon Lake Property in Comal County, Texas, and any of the property listed in the schedules attached by the Hubbert Defendants to their Supplemental Response.  Further, in the even that any of the Hubbert Defendants have received or hereafter receive or become entitled to any payments or property in the Anchor Underground Construction, LLC bankruptcy proceeding (and any adversary proceeding therein), the Hubbert Defendants are hereby ORDERED to disclose same to Hartford and are further enjoined from removing, spending, transferring, converting, conveying, hiding, withdrawing, or otherwise disposing of said payments or property pending final judgment herein or further order of this Court.  The Hubbert Defendants are further enjoined from settling or dismissing any claims in the Anchor Underground Bankruptcy, including the Komatsu Adversary Proceeding, without prior notice to and consent by Hartford.  Any such payments received from 4-H Ventures, Inc. in connection with same shall be deposited in the registry of the court in this proceeding, unless the Hubbert Defendants and Hartford otherwise reach an agreement on same.  It is further

ORDERED that Hartford shall be permitted to seek full discovery from each or all of the Hubbert Defendants regarding their financial condition for the period of January 1, 2004 to the present, as well as discovery from third party sources such as financial institutions, accountants, or other third parties that are likely to have such information.

SIGNED at Houston, Texas, this 25th day of June, 2008.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE