UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY; cp HARTFORD CASUALTY INSURANCE COMPANY, *et al*, <br><br>    Plaintiffs, <br>VS. <br><br>4H VENTURES INC; fka B&D CONSTRUCTION COMPANY INC, *et al*, <br><br>    Defendants. | § § § § § § § § § § § § | CIVIL ACTION NO. H-07-4355 |

## OPINION AND ORDER

Pending before the Court is Plaintiff Hartford Fire Insurance Company's ("Hartford") Motion for Summary Judgment against the two remaining Defendants, Peter Forrest Reeves and Tresca Michele Reeves (the "Reeves"). (Doc. 62.) Upon review and consideration of Plaintiff's motion, the relevant legal authority, and for the reasons explained below, the Court finds that the motion should be granted.

I.  Background and Relevant Facts

This is a breach of contract case in federal court on the basis of diversity jurisdiction. (Doc. 41-1 ¶ 8). Between 2004 and 2007, Plaintiff Hartford alleges that it issued surety bonds on behalf of 4H Ventures, Inc. f/k/a B&D Construction Company, Inc. ("B&D") and Anchor Underground Construction, LLC ("Anchor") for various construction projects. On February 12, 2007, the parties entered into a General Indemnity Agreement. (Doc. 41-2 at 5–6.) Defendant Peter Forrest Reeves signed the Agreement both as president of Anchor and individually; Defendant Tresca Michele Reeves signed individually. (*Id.*) Under the Agreement, the Reeves agreed to indemnify Hartford in connection with any losses and expenses Hartford sustained on

the Bonds.  Paragraph 5 of the Agreement reads:

> 5.  <u>Indemnity and Exoneration.</u>  The Indemnitors are jointly and severally liable to Hartford, and will indemnify, exonerate and hold Hartford harmless from all loss, liability, damages and expenses including but not limited to, court costs, interest, attorney's fees, professional fees and consulting fees, which Hartford incurs or sustains (1) because of having furnished any Bond, (2) because of the failure of an Indemnitor to discharge any obligations under this Agreement, (3) in enforcing any of the provisions of this Agreement, (4) in pursuing the collection of any loss incurred hereunder, or (5) in the investigation of any claim submitted under any Bond.  […]

(*Id.* at 2.)  Hartford alleges that subsequent to the execution of this Agreement, the majority of Anchor's construction projects went into default resulting in numerous claims on Hartford's bonds.  (Doc. 62 ¶ 7.)  To date, Hartford alleges that it has paid $6,384,391.96 on claims against the bonds, and incurred $9,624,59 in attorney'a fees.  (Doc. 62 ¶ 9.)  Hartford has also received certain credits against these losses.  (*Id.* ¶ 10.)  After applying the credits, Hartford alleges a net loss under the bonds of $4,716,717.35.  (*Id.*)

On December 7, 2007, Hartford filed suit.  (Doc. 1.)  On December 24, 2007, Anchor filed a Chapter 7 petition in bankruptcy.  *In re: Anchor Undergrounds Construction, LLC aka B&D Construction Company*, Case No. 07-38760 (Bankr. S.D. Tx).  On July 11, 2008, Defendants Warren Davis Hubbert and Barbara Jean Hubbert filed for bankruptcy.  (Doc. 42-1.)  On January 27, 2009, Hartford's cause against Defendants Warren Davis Hubbert, Barbara Jean Hubbert, the Hubbert Family Trust, and B&D was transferred to and resolved in the Hubbert bankruptcy.  (Doc. 51.)  On July 28, 2010, Hartford moved for summary judgment against the Reeves.  (Doc. 62.)  Despite the Court's order of September 16, 2010, Defendants never responded to the motion.  (Doc. 65.)

II.  <u>Summary Judgment Standard</u>

A party moving for summary judgment must inform the court of the basis for the motion

and identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  The substantive law governing the suit identifies the essential elements of the claims at issue and therefore indicates which facts are material.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The initial burden falls on the movant to identify areas essential to the nonmovant's claim in which there is an "absence of a genuine issue of material fact."  *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005).  If the moving party fails to meet its initial burden, the motion must be denied, regardless of the adequacy of any response.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*).  Moreover, if the party moving for summary judgment bears the burden of proof on an issue, either as a plaintiff or as a defendant asserting an affirmative defense, then that party must establish that no dispute of material fact exists regarding all of the essential elements of the claim or defense to warrant judgment in his favor.  *Fontenot v. Upjohn*, 780 F.2d 1190, 1194 (5th Cir. 1986) (the movant with the burden of proof "must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor") (emphasis in original).

Once the movant meets its burden, however, the nonmovant must direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial.  *Celotex*, 477 U.S. at 323–24.  The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Electric Indust. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citing *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).  Instead, the nonmoving party must produce evidence upon which a jury could

reasonably base a verdict in its favor. *Anderson*, 477 U.S. at 248; *see also DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005). To do so, the nonmovant must "go beyond the pleadings and by [its] own affidavits or by depositions, answers to interrogatories and admissions on file, designate specific facts that show there is a genuine issue for trial." W*ebb v. Cardiothoracic Surgery Assoc. of North Texas, P.A.*, 139 F.3d 532, 536 (5th Cir.1998) (overruled on other grounds by *Burlington N. & Santa Fe Ry. Co. v. White*, 126 S.Ct. 2405, 2414 (2006)). Unsubstantiated and subjective beliefs and conclusory allegations and opinions of fact are not competent summary judgment evidence. *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998); *Grimes v. Texas Dept. of Mental Health and Mental Retardation*, 102 F.3d 137, 139–40 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992), *cert. denied*, 506 U.S. 825 (1992). Nor are pleadings summary judgment evidence. *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1046 (5th Cir. 1996) (citing *Little*, 37 F.3d at 1075). The nonmovant cannot discharge his burden by offering vague allegations and legal conclusions. *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992); *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 889 (1990). Nor is the court required by Rule 56 to sift through the record in search of evidence to support a party's opposition to summary judgment. *Ragas v. Tennessee Gas Pipeline Co*., 136 F.3d 455, 458 (5th Cir. 1998) (citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).

Nevertheless, all reasonable inferences must be drawn in favor of the nonmoving party. *Matsushita*, 475 U.S. at 587–88; *see also Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). Furthermore, the party opposing a motion for summary judgment does not need to present additional evidence, but may identify genuine issues of fact

extant in the summary judgment evidence produced by the moving party. *Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 198–200 (5th Cir. 1988). The nonmoving party may also identify evidentiary documents already in the record that establish specific facts showing the existence of a genuine issue. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990). There is a "genuine" issue of material fact if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

### III. Discussion

An action for contractual indemnity requires that (1) a valid contractual indemnity agreement exists; (2) the agreement obligates the defendant to indemnify the surety in the event claims are made on the issued bonds; (3) claims were made on the bonds; (d) all conditions precedent for recovery have occurred, been performed, waived, or excused; and (4) the surety has been damaged. *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 719 (5th Cir. 1995); *Continental Casualty Co. v. Paredes*, 2000 WL 12903 (N.D. Tx. 2000); *Old Republic Surety Co. v. Palmer*, 5.S.W.3d 357 (Tex. App.—Texarkana 1999, no pet.).

Hartford submitted valid summary judgment evidence in the form of an affidavit showing that a contractual indemnity agreement exists and obligates the Reeves to indemnify Hartford from its losses under the bonds. (Doc. 62-1.) Hartford submitted an affidavit regarding its attorney's fees of $9,624.59. (Doc. 62-9; Doc. 62-16.) Hartford is further entitled to contractual prejudgment interest on the payments it made pursuant to paragraph 7 of the Agreement. (Doc. 41-2 at 2.) Hartford provides a spreadsheet reflecting its interest calculations at the rate of 5% per annum on each payment made by Hartford through July 28, 2010, a total of $765,006.20. (Doc. 62-17.) Defendants did not respond and therefore fail to raise a genuine issue of material fact about matters established by this evidence.

IV. Conclusion

Accordingly, the Court hereby **ORDERS** that Plaintiff Hartford Fire Insurance Company's Motion for Summary Judgment (Doc. 62) against Defendants Peter Forrest Reeves and Tresca Michele Reeves is **GRANTED**.

SIGNED at Houston, Texas, this 16th day of February, 2011.

                                        MELINDA HARMON
                                  UNITED STATES DISTRICT JUDGE